*John H. Reynolds* for the appellant.

*M. I. Townsend* for the respondents.

Gray, C., reads for affirmance.
All concur.
Judgment affirmed, with costs.

---

Margaret H. Schott, Respondent, *v.* Leopold Schwartz, Appellant.

(Submitted September 21, 1871; decided January term, 1872.)

Plaintiff, a married woman, while the act of 1860, (Laws of 1860, chap. 90) concerning the rights and liabilities of husband and wife, was in force, without the written consent of her husband, under an agreement with defendant, deeded certain real estate to grantees named by defendant. The deed was subject to a mortgage, plaintiff giving her bond conditioned to pay any sum due thereon over $1,100. The grantees went into possession under her deed, and continued in possession until ousted by foreclosure and sale under the mortgage, upon which there was due $1,378 at the time specified in plaintiff's bond. Neither the grantees nor defendant offered to reconvey or to rescind the contract. Subsequent to the execution of this deed, and while the grantees therein named were in possession under it, plaintiff and her husband joined in a deed of the premises to a third person. In an action upon a bond given as a part of the consideration of the first deed,—*Held*, that although such deed was invalid, there was not a total failure of consideration; that defendant's remedy for the defect of title was for damages only, and that the question was unaffected by the execution of the second deed, as the possession of the grantees in the first deed under claim of title was an adverse holding, and therefore under the statute (1 R. S., 739, § 147) the second was absolutely void; also, that no complaint could be made of an eviction arising from the foreclosure of the mort-

gage. It was the duty of the grantees to pay it and to look to plaintiff for the excess over $1,100 upon her bond. This had nothing to do with the question of failure of title.

*Wm. C. Ruger* for the appellant.

*S. R. Ten Eyck* for the respondent.

LEONARD and HUNT, CC., read for affirmance.
All concur. Judgment affirmed, with costs.

---

JAMES BRACKETT et al., Appellants, *v.* GEORGE G. WYMAN et al., Respondents.

(Argued September 22, 1871.; decided January term, 1872.)

PLAINTIFFS and defendants each had judgments against one John R. Wyman. Certain real estate of said Wyman was being sold at a foreclosure sale upon a mortgage, which was a prior lien to the judgment. Plaintiffs assigned to defendants their judgment, and agreed not to bid at the foreclosure sale, upon defendants executing to them an agreement to pay $600 in installments. Plaintiffs did not bid and the premises were purchased by defendants. Plaintiffs brought suit upon the agreement. *Held*, that plaintiffs' agreement to abstain from bidding was unlawful as against public policy, and rendered the whole contract void.

*O. M. Benedict* for the appellants.

*Charles G. Judd* for the respondents.

GRAY, C., reads for affirmance.
All concur.
Judgment affirmed, with costs.